# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MELISSA SUE WRIGHT,           )
                                    )
          Plaintiff,     )
                                    )
v.                             )     Case No. CIV-12-293-RAW-KEW
                                    )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social       )
Security Administration,    )
                                    )
          Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff Melissa Sue Wright (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on December 23, 1979 and was 31 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a press operator in a plastics plant. Claimant alleges an inability to work beginning June 1, 2006 due to limitations resulting from rheumatoid arthritis, high blood pressure, and back and shoulder pain.

## Procedural History

On October 28, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 6, 2011, an administrative hearing by video was held before ALJ Michael Kirkpatrick. On February 10, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on May 10, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to fully develop the record; (2) failing to include all of Claimant's

severe impairments; (3) arriving at an improper RFC determination;
and (4) improperly applying the grids.

### RFC Assessment

In his decision, the ALJ determined Claimant suffered from the
severe impairments of rheumatoid arthritis, hypertension, and
obesity. (Tr. 41). He also found Claimant retained the RFC to
perform a full range of sedentary work. (Tr. 23). The ALJ applied
the grids in finding Claimant to be not disabled. (Tr. 48).

Claimant contends that the ALJ erred in failing to develop the
record by obtaining medical source statements from any of the
consultative examiners or treating physicians. Claimant starts
from a faulty premise – that the ALJ is **required** to obtain medical
source statements from treating and examining physicians. None of
the regulations cited by Claimant impose such a requirement upon
the ALJ. Certainly, if such statements are contained in the
record, the ALJ must consider their content. Soc. Sec. R. 96-5p.
This requirement is not, however, equivalent to mandating that the
ALJ obtain such statements.

### Evaluation of Claimant's Impairments

Claimant contends the ALJ should have found she suffered from
severe mental impairments. A claimant bears the burden at step two
to present evidence that she has a medically severe impairment or

5

combination of impairments. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 & n. 5 (1987). While the showing required is described as "de minimis," the claimant "must show more than the mere presence of a condition or ailment." <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997) (quotation omitted).

The ALJ's step two task is to determine, based on the record, whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). An impairment is "not severe if it does not significantly limit [a claimant's] ability to do basic work activities." 20 C.F.R. § 404.1521(a).

On May 25, 2010, Claimant underwent a Mental Status Examination with Dr. Theresa Horton. Dr. Horton diagnosed Claimant with mood disorder, NOS with depressed features. (Tr. 273). Dr. Horton concluded Claimant's reported mental confusion was not significant enough to interfere to any significant degree with overall cognitive functioning. She also found Claimant was capable of understanding, remembering, and managing simple and complex instructions and tasks while adjusting into occupational and social settings. (Tr. 273-74). This Court must conclude that nothing in Dr. Horton's report suggests a mental limitation upon Claimant's ability to engage in basic work activities.

Claimant also references the Psychological Evaluation performed by Dr. Robert Spray, Jr. on April 1, 2011. This report was not contained in the record considered by the ALJ but was before the Appeals Council. Dr. Spray diagnosed Claimant with mood disorder, NOS with a GAF of 50. (Tr. 25-26). Dr. Spray completed an RFC form which indicated marked limitations in the areas of relating to co-workers, interacting with supervisors, maintaining regular attendance, avoiding undue constriction of interests, demonstrating reliability, dealing with the general public, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers or peers without distracting them or exhibiting behavioral extremes, and maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness. (Tr. 27-29). The Appeals Council did not consider Dr. Spray's report because it dealt with a time outside of the relevant period. (Tr. 2). This Court cannot find that the failure to consider this report was erroneous since Dr. Spray explicitly stated that he did not know the date the limitations contained in his RFC assessment has remained at the level he found. (Tr. 30). Based upon the evidence presented, this Court cannot conclude that Claimant suffered from a severe mental impairment during the relevant period.

**RFC Determination**

Claimant contends the ALJ's RFC assessment is faulty because she cannot sit for six hours and does not have a good ability to perform repetitive hand-finger actions as required for sedentary work. Soc. Sec. R. 83-10. RFC represents "the most [that the claimant] can still do despite [her] limitations," 20 C.F.R. § 404.1545(a)(1), and must include "all of [the claimant's] medically determinable impairments." 20 C.F.R. § 404.1545(a)(2). In this instance, other than pure supposition based upon the fact Claimant has rheumatoid arthritis, nothing in the record supports Claimant's urged limitation upon her ability to sit or engage in repetitive hand manipulation. Indeed, Dr. Traci Carney concluded Claimant's range of motion in her lower extremities as well as the cervical and lumbar spines were "functional." (Tr. 255). Claimant also reported that her pain was improved with a massage and exacerbated by standing, walking, bending over, and kneeling - not sitting. (Tr. 253). Moreover, the Physical RFC Assessment by Dr. Suzanne Roberts dated February 11, 2011 indicates Claimant could sit for six hours in an 8-hour workday. (Tr. 261). No limitations upon Claimant's ability to engage in manipulation has been noted. Accordingly, the ALJ's RFC assessment is supported by substantial evidence.

## Application of the Grids

Claimant essentially argues the ALJ could not apply the grids because she could not perform a full range of sedentary work due to mental impairments and manipulative limitations which, Claimant alleges, constitute non-exertional impairments. In order to help evaluate the step five requirement, whether or not there are sufficient jobs in the economy that the claimant can perform given his or her age, education, and work experience, the Social Security Administration has created Medical-Vocational Guidelines, also known as "the grids." *See* 20 C.F.R. § 404.1567; 20 C.F.R. Pt. 404, Subpt. P, App. 2; Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir. 1992). Five degrees of residual functional capacity are outlined in the grids by general exertional level-sedentary, light, medium, heavy, and very heavy exertion. 20 C.F.R. § 404.1569a; Trimiar, 966 F.2d at 1332 n. 22. Residual functional capacity reflects "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). If the ALJ finds that a claimant's exertional capacity, education, age, and skills fit precisely within the criteria of a particular grid level, the ALJ may conclude the claimant is not disabled. Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The Grids, however, may not be used where a claimant has nonexertional impairments which further limit the range of jobs he can do but, rather, the Grids may only be used as a guideline in evaluating the case. Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).

Non-exertional limitations affect a claimant's ability to meet the demands of jobs that do not involve strength. 20 C.F.R. § 404.1569a(a). Examples cited include "(1) difficulty functioning because you are nervous, anxious, or depressed; (2) difficulty with maintaining attention or concentration; (3) difficulty understanding or remembering detailed instructions; (4) difficulty seeing or hearing; (5) difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; (6) difficulty with manipulative or postural functions such as reaching, handling, stooping, climbing, or crawling." 20 C.F.R. § 404.1569a(c). Again, the record does not support any manipulative restrictions or mental limitations. The ALJ's application of the grids was not error.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing

reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE